## AZZARO v. NORTHWESTERN SECURITY INS. CO.
No. 1638.
Small Claims Court, Palm Beach County.
September 23, 1965.

Robert M. Leite, West Palm Beach, for plaintiff.

Stuart E. Kocha and James M. Adams of Jones, Adams, Paine & Foster, West Palm Beach, for defendant.

F. A. CURRIE, Judge.

This case was heard July 1, 1965 by the court without the intervention of a jury. The simplified, condensed, stipulated and proven facts are —

Plaintiff received personal injuries in an automobile collision, settled with the wrongdoer and gave a general release. Plaintiff then made demand on this defendant, his insurer, for $150 admitted medical expense allegedly payable under plaintiff's contract of insurance with defendant (PX 3). Defendant denied liability and this suit followed.

The defense is that plaintiff by his act violated the subrogation agreement of the insurance contract as well as defendant's common law right of subrogation.

To this defense plaintiff rejoins by alleging that the subrogation agreement is of no import since it is an assignment of a personal injury action which is not recognized at law and therefore void.

True, a tort action could not be assigned at common law, nor have our statutes altered this principle so far as this court is advised. Subrogation, however, is a distinct and different theory from that of assignment. The right of subrogation arising out of personal property tortiously damaged is commonplace, but plaintiff urges there should be a distinction when it comes to the case at hand, to-wit: personal bodily injuries. This court sees no reason for making a distinction.

The law seems to be that the insured is at liberty to seek recovery from either the insurer or the tortfeasor at his election. Should he obtain payment from the tortfeasor, his claim against the insurer for indemnity is to that extent diminished. If plaintiff applies first to the insurer and receives his whole loss from that quarter, he thereafter holds his claim against the wrongdoer in trust for the insurer who indemnified him. The party holding the legal right against the tortfeasor is deemed to have made an equitable assignment of his right to recover for the tort. The insurer is entitled to enforce this right against the wrongdoing tortfeasor.

In the instant case, plaintiff applied first to the wrongdoer and recovered. Plaintiff therefore is not entitled to indemnity from defendant company. As stated, the court sees no reason why these principles of subrogation should not apply equally to cases arising from tortious bodily injury as well as to tortious property damage.

See 18 Fla. Jur., §398, on page 294 and cited cases. Also see Chap. 45.01 F.S.A. and cited cases; see also titled "Subrogation" and title "Assignment", any digest.

A short form judgment will be entered for defendant in accordance with this memorandum opinion.